FILED by KS D.C.

Apr 6, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-20212-CR-MARTINEZ/BECERRA**

CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1028A(a)(1)
26 U.S.C. § 7206(1)
26 U.S.C. § 7203
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

MICHAEL JOSEPH WIHLBORG and
MATTHEW COREY MATLOCK,

      Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    Sabadell United Bank, N.A. ("Sabadell") was a financial institution with offices located in the State of Florida whose accounts were insured by the Federal Deposit Corporation ("FDIC"). On July 31, 2017, Sabadell was acquired by IberiaBank, a financial institution based in Lafayette, Louisiana, whose accounts were insured by the FDIC. Checks written on Sabadell accounts were processed electronically through the Federal Reserve Bank in Atlanta.

2.    Wells Fargo Bank ("Wells Fargo") was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

3. Branch Banking and Trust Company ("BB&T") was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

4. Law Firm 1 was a professional association of attorneys which specialized in personal injury cases. Law Firm 1 had offices located throughout the State of Florida including an office in Hallandale Beach, Florida. When Law Firm 1 agreed to represent a client in a personal injury matter, Law Firm 1 negotiated with medical service providers to treat the clients for a specific price, and to delay demand for payment for the medical services provided until after resolution of the client's case. If a client's case was settled for cash remuneration, the settlement payments would be used to pay the medical services providers for the client's medical bills, pay Law Firm 1's fee, and pay the balance to the client.

5. Defendant **MICHAEL JOSEPH WIHLBORG** was employed by Law Firm 1 from in or around 1997 until on or about August 1, 2017. During this time, **WIHLBORG** held various positions at Law Firm 1 including bookkeeper, office manager, and settlement manager.

6. Defendant **MATTHEW COREY MATLOCK** was a resident of the Southern District of Florida, a manager of Premier Ortho Group, LLC ("Premier Ortho") and registered agent and director of Advanced Injury Mgt.

7. N.C. was a family member of **MATTHEW COREY MATLOCK**.

8. Broward Outpatient Medical Center LLC and Broward Outpatient Urgent Care LLC were Florida limited liability companies, each with its principal place of business listed as 150 SW 12th Avenue in Pompano Beach, Florida. Both limited liability companies provided medical services to the clients of Law Firm 1.

9. Broward Outpatient SX & Med Center, LLC ("Broward Outpatient SX") was a Florida limited liability company registered with the Florida Division of Corporations on July 25,

2017. Its principal place of business was listed as 10525 Greenbriar Court in Boca Raton, Florida. N.C. was listed as the registered agent and manager of Broward Outpatient SX.

10. On or about August 1, 2017, a business account was opened in the name of Broward Outpatient SX & Med Center at Wells Fargo, with an account number ending in 6830. The sole signatory on the account was listed as N.C.

11. On or about August 1, 2017, a business account was opened by **MATTHEW COREY MATLOCK** in the name of Broward Outpatient SX & Med Center at BB&T bank, with an account ending in 5259. The signatories on the account were listed as N.C. and **MATLOCK**.

12. South Florida Pain & Rehabilitation, P.A. was a Florida professional association with its principal place of business listed as 6001 Broken Sound Parkway NW in Boca Raton, Florida. The professional association provided medical services to clients of Law Firm 1.

13. S. FL Pain and Rehab, LLC ("S. FL Pain") was a Florida limited liability company registered with the Florida Division of Corporations on October 3, 2016. Its principal place of business was listed as 1281 NW 106th Terrace in Plantation, Florida. N.C. was listed as the registered agent and manager of S. FL Pain.

14. On or about October 6, 2016, business accounts were opened in the name of S. FL Pain at Wells Fargo with bank account numbers ending in 8223 and 8231. The sole signatory on the account was listed as N.C.

15. Advanced Orthopedics & Pain Management, P.L. was a Florida professional limited liability company with its principal place of business listed as 3355 Burns Road in Palm Beach Gardens. The professional limited liability corporation provided medical services to the clients of Law Firm 1.

16. Advanced Orthopedics Performance Center, LLC ("Advanced Orthopedics") was a Florida limited liability company registered with the Florida Division of Corporations on May

3

4, 2017. Its principal place of business was listed as 1281 NW 106th Terrace in Plantation, Florida. N.C. was listed as the registered agent and manager of Advanced Orthopedics.

17. On or about May 10, 2017, a business account was opened in the name of "Advanced Orthopedics Performance Cen" at Wells Fargo, with a bank account number ending in 6314. The sole signatory on the account was listed as N.C.

18. On or about May 9, 2017, business accounts were opened in the name of Advanced Orthopedics at BB&T bank, for accounts ending in 5708 and 5716. The sole signatory on the accounts was listed as N.C.

19. Premier Orthopedics, LLC, Premier Orthopedics II LLC, and Premier Orthopedics Group III LLC, were affiliated Florida limited liability companies, with their principal place of business listed at two addresses located in Palm Beach County, in Florida. The limited liability companies provided medical services to the clients of Law Firm 1.

20. Premier Ortho Group, LLC ("Premier Ortho") was a Florida limited liability company registered with the Florida Division of Corporations on February 8, 2012. Its principal place of business was listed as 9080 NW 12th Street in Plantation, Florida, with **MATTHEW COREY MATLOCK** listed as the manager of the limited liability company.

21. On or about February 16, 2012, business bank accounts were opened by **MATTHEW COREY MATLOCK** in the name of Premier Ortho at Wells Fargo, with account numbers ending in 5408 and 9418. The sole signatory on the accounts was **MATLOCK.**

22. Advanced Injury Mgt. was a Florida corporation registered with the Florida Division of Corporations on August 24, 2004. Its principal place of business was listed as 6512 NW 55th Street in Coral Springs, Florida. **MATTHEW COREY MATLOCK** was listed as the registered agent and director of Advanced Injury Mgt.

4

## COUNT 1
## CONSPIRACY TO COMMIT BANK FRAUD
## (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning at least as early as in or around August of 2004, and continuing through on or about August 2017, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL JOSEPH WIHLBORG and
MATTHEW COREY MATLOCK,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including Sabadell, which scheme and artifice would employ a material falsehood, and knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain money and funds owned by, and under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

### PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for **MICHAEL JOSEPH WIHLBORG** and **MATTHEW COREY MATLOCK**, and their co-conspirators to unlawfully enrich themselves and others by falsely and fraudulently representing that companies established by them were the authorized recipients of funds from Law Firm 1 to accept payment of medical expenses for Law Firm 1's clients, depositing the checks issued by Law Firm 1 into bank accounts they controlled;

5

and thereafter withdrawing amounts from the account to pay themselves, their personal expenses, and the personal expenses of others.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and others sought to accomplish the object and purpose of the conspiracy, included, among other things, the following:

4. **MICHAEL JOSEPH WIHLBORG,** as an employee of Law Firm 1, had access to the identity and contact information for each of Law Firm 1's medical service providers and knew the amounts owed to them for services provided to Law Firm 1's clients. After the client's personal injury cases were resolved, **WIHLBORG**'s responsibility at Law Firm 1 was to calculate the amount owed to the medical service provider, and issue payments to the various medical services providers who had treated Law Firm 1's clients.

5. Using information from Law Firm 1, the co-conspirators created limited liability companies with names similar to the names of Law Firm 1's medical service providers and registered these "imposter" companies with the Florida Division of Corporations. The imposter companies included the following: Broward Outpatient SX & Med Center, LLC, S. FL Pain, Advanced Orthopedics Performance Center, LLC, and Premier Ortho, and each listed either **MATHEW COREY MATLOCK** or N.C. as the manager for the company.

6. **MATTHEW COREY MATLOCK** opened multiple bank accounts in the name of the imposter companies at Wells Fargo and BB&T, listing himself or N.C. as the signatories on those accounts.

7. As payment for medical services, **MICHAEL JOSEPH WIHLBORG** issued and caused Law Firm 1 to issue checks in the name of the various medical service providers treating Law Firm 1's clients. The co-conspirators then diverted these checks, depositing the stolen checks into the accounts of the imposter companies instead of delivering them to the proper

6

medical service provider. Law Firm 1's bank honored the checks presented and paid out the funds from Law Firm 1's account to the imposter companies' bank accounts, believing that the imposter companies cashing the checks were the intended recipients of these payments.

8.  At various times during the conspiracy, **MICHAEL JOSEPH WIHLBORG** also falsely and fraudulently caused Law Firm 1 to issue checks for payment to Advanced Injury Mgt. these checks purportedly represented payments for medical treatments provided to Law Firm1's clients. However, as **WIHLBORG and MATTHEW COREY MATLOCK** well knew, Advanced Injury Mgt. had not provided medical care to Law Firm 1's clients, and the stolen payments were owed to other medical services providers.

9.  From on or about August 31, 2004, through on or about August 17, 2017, using the bank accounts of Advanced Injury Mgt., Premier Ortho and S. Fla Pain, among others, **MICHAEL JOSEPH WIHLBORG** and **MATTHEW COREY MATLOCK** falsely and fraudulently deposited, and caused to be deposited, approximately $6,500,000 in stolen Law Firm 1 checks into bank accounts which they controlled by misrepresenting that the companies receiving the funds were the intended recipients of the funds.

10. **MICHAEL JOSEPH WIHLBORG** and **MATTHEW COREY MATLOCK** withdrew the illicit funds obtained through this scheme, and caused these funds to be withdrawn, from accounts controlled by the defendants at Wells Fargo and BB&T. These funds were then dispersed to the co-conspirators, used to make payments to others, and used to pay the defendants' and others' personal expenses.

In violation of Title 18, United States Code, Section 1349.

### COUNTS 2-11
### BANK FRAUD
### (18 U.S.C. § 1344)

1.  The General Allegations section of this Indictment is re-alleged and fully

incorporated herein by reference.

2.   Beginning at least as early as in or around August of 2004, and continuing through in or around August 2017, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL JOSEPH WIHLBORG and**
**MATTHEW COREY MATLOCK,**

did knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## PURPOSE OF THE SCHEME AND ARTIFICE

3.   It was the purpose of the conspiracy for **MICHAEL JOSEPH WIHLBORG** and **MATTHEW COREY MATLOCK**, and their co-conspirators to unlawfully enrich themselves and others by falsely and fraudulently representing that companies established by them were the authorized recipients of funds from Law Firm 1 to accept payment of medical expenses for Law Firm 1's clients, depositing the checks issued by Law Firm 1 into bank accounts they controlled; and thereafter withdrawing amounts from the account to pay themselves, their personal expenses, and the personal expenses of others.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4.   The Manner and Means section of Count 1 of this Indictment is re-alleged and incorporated fully herein by reference as a description of the scheme and artifice.

8

## EXECUTION OF THE SCHEME AND ARTIFICE

5. On or about the dates specified below, **MICHAEL JOSPEH WIHLBORG** and **MATTHEW CORY MATLOCK** did execute, and cause the execution of, the above-described scheme and artifice to defraud, as specified below:

|   |   |   |
|---|---|---|
| 2 | 10/10/2012 | Check # 74829 in the amount of $16,038.34, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 5408 belonging to Premier Ortho Group LLC |
| 3 | 11/29/2012 | Check # 75334 in the amount of $10,000, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 5408 belonging to Premier Ortho Group LLC |
| 4 | 12/07/2012 | Check # 75442 in the amount of $10,000, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 5408 belonging to Premier Ortho Group LLC |
| 5 | 12/28/2016 | Check # 95311 in the amount of $10,000, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 8223 belonging to S. FL Pain and Rehab, LLC |
| 6 | 01/19/2017 | Check # 95680 in the amount of $10,000, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 8223 belonging to S. Fl Pain and Rehab, LLC |
| 7 | 07/27/2017 | Check #96426 in the amount of $7,500, drawn on an account maintained at Sabadell, deposited into the BB&T account ending in 5259 belonging to Broward Outpatient SX & Med Center LLC |
| 8 | 07/28/2017 | Check #97361 in the amount of $10,000, drawn on an account maintained at Sabadell, deposited into the BB&T account ending in 5259 belonging to Broward Outpatient SX & Med Center LLC |
| 9 | 05/12/2017 | Check #97553 in the amount of $20,000, drawn on an account maintained at Sabadell, deposited into the BB&T account ending in 5708 belonging to Advanced Orthopedics Performance Center LLC |
| 10 | 05/12/2017 | Check #97555 in the amount of $15,000, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 6314 belonging to "Advanced Orthopedics Performance Cen" |
| 11 | 07/02/2017 | Check #98697 in the amount of $15,000, drawn on an account maintained at Sabadell, deposited into the Wells Fargo account ending in 6314 belonging to "Advanced Orthopedics Performance Cen" |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## COUNT 12
## CONSPIRACY TO COMMIT WIRE FRAUD
## (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning at least as early as in or around August of 2004 and continuing through August of 2017, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL JOSEPH WIHLBORG and**
**MATTHEW COREY MATLOCK,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and others to unlawfully enrich themselves by obtaining money from the law firm, by generating fraudulent checks that appeared to be payments to a medical services provider for client treatment, when the defendants knew that the provider indicated on the check had not provided the services.

## MANNER AND MEANS OF THE CONSPIRACY

4. The Manner and Means section of Count 1 of this Indictment is re-alleged and incorporated fully herein by reference as a description of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 13
## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. § 1028A(a)(1))

1. The General Allegations section of this Indictment is re-alleged and fully incorporated herein by reference.

2. On or about October 6, 2016, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**MATTHEW COREY MATLOCK,**

during and in relation to a felony violation of Title 18, United States Code, Section 1349, that is, conspiracy to commit bank fraud as charged in Count 1 of this Indictment, did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the social security number of N.C., in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 14
## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. § 1028A(a)(1))

1. The General Allegations section of this Indictment is re-alleged and fully incorporated herein by reference.

2. On or about May 16, 2017, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**MATTHEW COREY MATLOCK,**

during and in relation to a felony violation of Title 18, United States Code, Section 1349, that is, conspiracy to commit bank fraud as charged in Count 1 of this Indictment, did knowingly possess

and use, without lawful authority, the means of identification of another person, that is, the forged signature of N.C. on a BB&T Bank signature card, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS 15-17
## MAKING AND SUBSCRIBING A FALSE RETURN
## (26 U.S.C. § 7206(1))

On or about the dates set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### MICHAEL JOSEPH WIHLBORG,

a resident of Broward County, did willfully make and subscribe a United States Individual Income Tax Return, Internal Revenue Service Form 1040, for the calendar year identified in each count below, which was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which tax return the defendant did not believe to be true and correct as to every material matter, in that the tax return falsely underreported the amount of total income as set forth below, by failing to report as income money received by defendant through an embezzlement scheme, whereas, as the defendant then and there well knew and believed, the total income was substantially greater than the stated amount:

| COUNT | APPROXIMATE DATE | CALENDAR YEAR | AMOUNT REPORTED | APPROXIMATE UNREPORTED INCOME |
|---|---|---|---|---|
| 15 | March 30, 2015 | 2014 | Line 22, total reported income of $99,506 | $520,550 |
| 16 | April 16, 2016 | 2015 | Line 22, total reported income of $ 124,604 | $609, 537 |
| 17 | June 24, 2017 | 2016 | Line 22, total income reported of $122, 106 | $284,580 |

In violation of Title 26, United States Code, Section 7206(1).

12

## COUNT 18
## FAILURE TO FILE
## (26 U.S.C. § 7203)

During the calendar year 2017, the defendant,

**MICHAEL JOSEPH WIHLBORG,**

who was a resident of Lauderdale Lakes, Florida, in Broward County, in the Southern District of Florida, had and received gross income of at least $126,550; that by reason of such gross income, he was required by law, following the close of the calendar year 2017, and on or before April 17, 2018, to make an income tax return to the Internal Revenue Service Center, at Charlotte, North Carolina, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that well knowing and believing all of the foregoing, he did willfully fail, on or before April 17, 2018, in the Southern District of Florida, and elsewhere, to make an income tax return, in violation of Title 26, United States Code, Section 7203.

## COUNTS 19-22
## MAKING AND SUBSCRIBING A FALSE RETURN
## (26 U.S.C. § 7206(1))

On or about the dates set forth below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**MATTHEW COREY MATLOCK,**

a resident of Broward County, did willfully make and subscribe a United States Individual Income Tax Return, Internal Revenue Service Form 1040, for the calendar year identified in each count below, which was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which tax return the defendant did not believe to be true and correct as to every material matter, in that the tax return falsely underreported the amount of total income as set forth below, by failing to report as income money received by defendant

13

through an embezzlement scheme, whereas, as the defendant then and there well knew and believed, the total income was substantially greater than the stated amount:

| COUNT | APPROXIMATE DATE | CALENDAR YEAR | AMOUNT REPORTED | APPROXIMATE UNREPORTED INCOME |
|---|---|---|---|---|
| 19 | April 14, 2015 | 2014 | Line 22, total reported income of $126,525 | $509,669 |
| 20 | April 17, 2016 | 2015 | Line 22, total reported income of $ 152,294 | $483,692 |
| 21 | March 21, 2017 | 2016 | Line 22, total income reported of $29, 220 | $255,137 |
| 22 | April 18, 2018 | 2017 | Line 22, reported negative income of $4,540 | $123,714 |

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **MATTHEW COREY MATLOCK** and **MICHAEL JOSEPH WIHLBORG**, have an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of money equal in value to the total amount of funds derived from the alleged offenses and may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
CYNTHIA R. WOOD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**Michael Joseph Wirlborg, et al.**

_____ **Defendants.** _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New defendant(s)           Yes ____   No ____
Number of new defendants   ____
Total number of counts     ____

**Court Division**: (Select One)
✓ Miami    __ Key West
__ FTL     __ WPB    __ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect    _____

4. This case will take  10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                      (Check only one)
   I    0 to 5 days      ____            Petty    ____
   II   6 to 10 days      ✓              Minor    ____
   III  11 to 20 days    ____            Misdem.  ____
   IV   21 to 60 days    ____            Felony   ____
   V    61 days and over ____

6. Has this case previously been filed in this District Court?    (Yes or No)   No
   If yes: Judge                                    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?       (Yes or No)   No
   If yes: Magistrate Case No.                      _____
   Related miscellaneous numbers:                   _____
   Defendant(s) in federal custody as of            _____
   Defendant(s) in state custody as of              _____
   Rule 20 from the District of                     _____

   Is this a potential death penalty case? (Yes or No)       No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes ____   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes ____   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     Yes ____   No ✓

10. Does this case originate from a matter pending in the Southern Region of the U.S. Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)?     Yes ✓   No ____

_____
Cynthia R. Wood
ASSISTANT UNITED STATES ATTORNEY
Court ID A5501329

*Penalty Sheet(s) attached

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MICHAEL JOSEPH WIHLBORG         Case No: _____

Count: 1

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349

**\* Max. Penalty:** Thirty (30) years' imprisonment; five (5) years' supervised release; $1,000,000 fine.

Counts: 2 - 11

Bank Fraud

18 U.S.C. § 1344

**\*Max. Penalty:** Thirty (30) years' imprisonment; five (5) years' supervised release; $1,000,000 fine.

Count: 12

Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release; $250,000

Counts: 15 - 17

Making and subscribing a False Return

26 U.S.C. § 7206(1)

**\*Max. Penalty:** Three (3) years' imprisonment; one (1) years' supervised release; $250,000 fine.

Count: 18

Willful Failure to File

26 U.S.C. §7203

**\*Max. Penalty:** One (1) years' imprisonment; one (1) year's supervised release; $25,000 fine.

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MATTHEW COREY MATLOCK            **Case No**: _____

Count: 1

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349

**\* Max. Penalty:** Thirty (30) years' imprisonment; five (5) years' supervised release; $1,000,000 fine.

Counts: 2 - 11

Bank Fraud

18 U.S.C. § 1344

**\*Max. Penalty:** Thirty (30) years' imprisonment; five (5) years' supervised release; $1,000,000 fine.

Count: 12

Conspiracy to Commit Wire Fraud

 18 U.S.C. § 1349

**\*Max. Penalty:** Twenty (20) years' imprisonment; three (3) years' supervised release; $250,000

Counts: 13 - 14

Aggravated Identity Theft

18 U.S.C. § 1028A(a)(1)

**\* Max. Penalty:** Two (2) years' imprisonment consecutive; one (1) year supervised release; $250,000 fine.

Counts: 19 - 22

Making and Subscribing a False Return

26 U.S.C. §7206(1)

**\*Max. Penalty:** Three (3) years' imprisonment; one (1) years' supervised release; $250,000 fine.

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.